UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:18-CR-58-REW-HAI |
| v. ) | |
| ) | OPINION & ORDER |
| NATHAN EUGENE WAGONER, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Wagoner[1] asks the Court to suppress evidence seized during execution of a search warrant at 7887 Barbourville Road, in London, Kentucky. DE 12 (Motion). The Government opposes. DE 15 (Response). On referral, Judge Ingram held an evidentiary hearing, *see* DE 21 (Minute Entry), and, after thorough treatment, recommended denial. *See* DE 22 (Recommended Disposition). Wagoner timely objected. DE 23.

The Court must review de novo any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). Yet, the Court "need not provide de novo review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks omitted). Further, an objecting party retains an affirmative "duty to pinpoint those portions of the [Magistrate Judge's] report that the district court must specially consider." *Id.*

---

[1] Defendant faces charges of distributing methamphetamine (Count 1 – September 14, 2017) and possessing 50+ grams of meth with distributive intent (Count 2 – October 26, 2017), both in violation of 21 U.S.C. § 841(a)(1). DE 1 (Indictment). The charged conduct allegedly occurred in Laurel County in this District. *Id.*

Wagoner's filing includes three principal elements: (A) conclusory contentions regarding the at-issue warrant description's inadequacy, (B) identification of inaccurate premises descriptors, and (C) reassertion of the original suppression request. *See* DE 23. More important, in determining the Court's review standard, are three notable omissions. Wagoner's objections lack: (1) citations—to the record, recommendation, or authority— (2) reference to any **unaddressed** description/premises discrepancies,[2] and, critically, (3) substantive grappling with the "additional circumstances"[3] Judge Ingram relied on in finding Fourth Amendment compliance. Objections that, as here, merely "dispute[ ] the correctness of the magistrate's recommendation" without specifying the findings that Defendant "believe[s] were in error[,] . . . amount to general objections" and do not warrant de novo review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Further, the Court, upon review, finds Wagoner's thin remonstrances meritless.

---

[2] Indeed, Judge Ingram specifically found "the description was defective in" the same "four ways" that Defendant points out. *Compare* DE 23 at 1 ("color of the residence . . . street address . . . shutters as being blue . . . Wagoner lived in the residence"), *with* DE 22 at 4–5 ("street number of the mobile home . . . incorrectly describes the mobile home as beige in color . . . did not have blue shutters . . . not actually [Wagoner's] residence").

[3] As Judge Ingram aptly stated:
> The additional circumstances identified by the Sixth Circuit in *Durk* are equally applicable to this case. First, the affidavit, which was incorporated into the search warrant, described a controlled buy from Wagoner that had occurred at the "residence" more than a month before the search. *See* D.E. 15-1 at 11; *see also* [*United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998)] (citing case law "noting that warrant lacking any physical description of particular apartment is valid if it specifies the name of the occupant of the apartment against which it is directed"). Relatedly, officers had been informed by a confidential informant on the night of the search that Wagoner could be found at the property. D.E. 15-1 at 11. "Second, the executing officer in this case was also the affiant and had just come from [the mobile home]," and other officers remained at that location while Det. Dalrymple "procured the search warrant." *Durk*, 149 F.3d at 466.

DE 22 at 8.

Judge Ingram ably analyzed and rejected Wagoner's particularity challenge. A warrant description need only "enable the executing officer to locate and identify the premises with reasonable effort" and rule out "any reasonable probability that another premises might be mistakenly searched." *United States v. Gahagan*, 865 F.2d 1490, 1496 (6th Cir. 1989). The inquiry is practical, non-technical, and case specific. *See Durk*, 149 F.3d at 466 (citing *United States v. Dorrough*, 927 F.2d 498, 500 (10th Cir. 1991); *United States v. Bedford*, 519 F.2d 650, 655 (3rd Cir. 1975)). Here, the Wagoner affiant (Det. Dalrymple) described a target property that he himself had just left. Post-issuance, Dalrymple returned to the same location—where other officers, having never departed, waited—and executed the search. The warrant-described *directions* to the search location are undisputedly accurate. Per the affiant, the "more particular" addendum led directly back to the site of arrest. *See* DE 22 at 8; DE 15-1 at 3. Under the circumstances, the (mostly cosmetic)[4] discrepancies had no negative impact on law enforcement's ability to "locate and identify the premises" and created no "reasonable probability" of an alternative premises search.

"The evil that the framers of the Constitution were trying to eradicate with the particularity requirement was the so-called general warrant that allowed officers to search at random. This requirement eliminates generalness and provides both a reason for and limitation of the search." *Durk*, 149 F.3d at 466. The Court readily finds those purposes served in this case.

---

[4] The apparent nocturnal operation, *see* DE 22 at 4, conducted at a lane of buildings lacking visible street numbers, *id.*, surely did not depend on numeration or coloration to identify the target premises. Further, Wagoner's confirmed occupation of the searched home on the night in question (and during a prior controlled buy), *id.* at 3, renders the technical misattribution of Defendant's residence immaterial (for current purposes).

Accordingly, the Court **ORDERS** as follows:

1. The Court **OVERRULES** Wagoner's objections (DE 23);

2. The Court **ADOPTS** Judge Ingram's recommendation (DE 22);

3. The Court **DENIES** DE 12; and

4. Consistent with prior findings (DE 16), the Court **SCHEDULES** a jury trial in this matter for **April 22, 2019,** at 9:00 a.m. in London, Kentucky. Counsel shall appear by 8:30 a.m. All unexpired DE 8 deadlines reset relative to this trial date.

This the 1st day of April, 2019.

Signed By:
*Robert E. Wier*   REW
United States District Judge